STATE v. E. W. FREEMAN.

(Filed 12 October, 1949.)

**Criminal Law § 52a (3)—Circumstantial evidence of defendant's guilt held insufficient to be submitted to the jury.**

Evidence tending to show that defendant was the owner of a car covered by a chattel mortgage, that he was delinquent in a payment, that the car was struck at a grade crossing at night by a railroad train, that no one was in the car at the time of the collision, and that defendant filed a claim for the damage on a policy of insurance on the car, *is held* insufficient to be submitted to the jury in a prosecution of defendant for placing the car on the track with intent to destroy it and with presenting a false sworn statement in support of the claim for insurance. Whether the indictment was sufficient to charge an offense under G.S. 14-278, *quære?*

APPEAL by defendant from *Edmundson, Special Judge,* April Term, 1949, of JOHNSTON.

The defendant was tried upon a bill of indictment containing two counts: The first count charges that the defendant unlawfully, willfully and feloniously did maliciously place his automobile on the railway track of the Atlantic Coast Line Railroad Company, with the intent to destroy the automobile and thereby furnish the basis for a claim for loss under the terms of an insurance policy issued to him by Service Fire Insurance Company of New York. The second count charges the defendant with presenting a false sworn statement in proof and support of a claim filed with said insurance company, pursuant to the provisions of the aforesaid policy.

The evidence offered by the State in substance is to the effect that the defendant, the operator of a taxi, left Benson, N. C., about 12:30 a.m., 5 January, 1949, with several passengers for Dunn, N. C., which is seven miles South of Benson; that the 1948 Studebaker used by the defendant as a taxicab, was hit by an Atlantic Coast Line southbound passenger train at 1:27 a.m., on 5 January, 1949, at a railroad crossing two miles north of Benson; that no one was in the car at the time of the collision which completely demolished the automobile; that the defendant signed a statement to the effect that he had parked the car in front of his home and failed to lock it; that he did not know whether he left the key in the car or not, but he had been unable to find the key; that he went in the house, took a bath and retired about 12:30 a.m.; that he knew nothing

of the wreck until an officer came to his home about 3 :30 a.m., whereupon he dressed and went to the scene of the wreck. It is further disclosed by the evidence that the defendant had collision and theft insurance and that he thereafter filed a claim with the insurance company for the theft of his automobile; and that he was twelve days delinquent in the payment of an installment due on the purchase price of the car at the time of the collision, which was not unusual, for he had been from 20 to 25 days late in the payment of each of his previous installments.

The defendant offered no evidence, but moved for judgment as of nonsuit. The motion was overruled and from a verdict of guilty as charged in the bill of indictment, and the judgment entered pursuant thereto, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*J. R. Barefoot and Carl E. Gaddy, Jr., for defendant.*

PER CURIAM. The defendant preserved his exception to the ruling of the trial judge in refusing to sustain his motion for judgment as of nonsuit, and assigns such ruling as error. A careful review of the evidence leads us to the conclusion that the exception was well taken and must be sustained.

Moreover, the indictment is bottomed on the provisions of G.S. 14-278, the pertinent part of which reads as follows : "If any person shall willfully and maliciously put or place any matter or thing upon, over or near any railroad track; or shall willfully and maliciously destroy, injure or remove the road-bed, or any part therof, or any rail, sill or other part of the fixture appurtenant to or constituting or supporting any portion of the track of such railroad; or shall willfully and maliciously do any other thing with intent to obstruct, stop, hinder, delay or displace the cars traveling on such road, or to stop, hinder or delay the passengers or others passing over the same; or shall willfully and maliciously injure the road-bed or the fixtures aforesaid, or any part thereof, with any other intent whatsoever, such person so offending shall be guilty of a felony, . . ." While it is unnecessary to decide the question on this appeal, we doubt that the indictment charges a crime within the purview of this statute.

The ruling on the motion for judgment as of nonsuit is
Reversed.